IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JESSIE SANDIFER                                                                                    PETITIONER

v.                                                                                                    No. 4:13CV146-M-S

STATE OF MISSISSIPPI, ET AL.                                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jessie Sandifer for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust available remedies in state court under 28 U.S.C. § 2254(b) and (c). This matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed for failure to exhaust available remedies in state court.

**Facts and Procedural Posture**

Petitioner Sandifer has filed this petition pursuant to 28 U.S.C. § 2254, as amended, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted unless it appears
> that -
> > (A) the applicant has exhausted the remedies available in the courts of the
> > State; or
>
> > (B)(i) there is an absence of available State corrective process; or
>
> > (ii) circumstances exist that render such process ineffective to protect
> > the rights of the applicant.

Additionally, § 2254(c) provides as follows:

> (c) An applicant shall not be deemed to have exhausted the remedies available in
> the courts of the State, within the meaning of this section, if he has the right under

the law of the State to raise, by any available procedure, the question presented.

Sandifer is currently serving four sentences from the Bolivar County Circuit Court in the Issaquena County Correctional Facility in Mayersville, Mississippi. On November 27, 2012, Sandifer pleaded guilty to felony shoplifting as a habitual offender in Bolivar County Circuit Court Cause Nos. 2012-006-CR2 and 2012-075-CR2. In Cause No. 2012-006-CR2, Sandifer was sentenced to serve a term of two years in the custody of the Mississippi Department of Corrections, with three years of post-release supervision, to run consecutively with any previously imposed orders. In Cause No. 2012-075-CR2, Sandifer was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections, with two years of post-release supervision, to run consecutively wih any previously imposed orders. On May 6, 2013, Sandifer pleaded guilty to two additional felony shoplifting charges in Bolivar County Circuit Court Cause Nos. 2013-009-CR2 and 2013-010-CR2. In Cause No. 2013-009-CR2, Sandifer was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections, with two years of post-release supervision, to run consecutively with any previously imposed sentence. In Cause No. 2013-010-CR2, Sandifer was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections, with two years of post-release supervision, to run consecutively with any previously imposed sentence. In his habeas petition, Sandifer purports only to challenge his guilty pleas and sentences in Bolivar County Circuit Court Cause Nos. 2013-009 and 2013-010.

These challenges are not properly before this Court. "Applicants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal

habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Only after the Mississippi Supreme Court has been provided with a fair opportunity to pass upon Petitioner's claims in a procedurally proper manner can Petitioner be said to have satisfied the exhaustion requirement. Such a failure to exhaust available state court remedies requires dismissal of the instant federal habeas corpus petition. 28 U.S.C. § 2254(b)(1) and (c), *supra*.

Sandifer admits that he has not filed any state post-conviction motions challenging his guilty pleas and sentences. Further, the Bolivar County Circuit Clerk's Office has verified that their records do not reflect any such motions filed by Petitioner Sandifer. Also, the Mississippi Supreme Court's docket does not reflect any filings by Sandifer challenging these guilty pleas or sentences. Therefore, Sandifer has not properly presented his claims to the state's highest court as required by the A.E.D.P.A. However, under the Mississippi Uniform Post-Conviction Collateral Relief Act, Sandifer may file a motion for relief in the Bolivar County Circuit Court. Miss. Code. Ann. § 99-39-7. Then Sandifer may appeal any adverse decision to the Mississippi Supreme Court. Miss. Code Ann. § 99-39-25. Only after doing so will Sandifer have exhausted his state court remedies and be able to properly proceed with a federal habeas petition under 28 U.S.C. § 2254.

This court has the discretion to take an alternative course of action with regard to Sandifer's premature federal *habeas corpus* petition in light of the United States Supreme Court's decision in *Rhines v. Weber*, 125 S.Ct. 1528 (2005). The Court in *Rhines* discussed the authority bestowed upon the district courts to hold a habeas petition in abeyance while a petitioner exhausts his claims

in state court. However, that "stay and abeyance should be available only in limited circumstances." *Id.* at 1533-35. Here, such limited circumstances do no exist, as Petitioner Sandifer has not shown good cause for his failure to exhaust his claims first in state court. Further, Sandifer still has a limited time under the one year federal statute of limitations to return to state court and properly exhaust his claims. Upon a filing of a state court motion, Sandifer's federal limitations period will be tolled during the pendency of his state action. Therefore, under the facts of this case, stay and abeyance is not appropriate. The instant petition will thus be dismissed without prejudice for failure to exhaust under 28 U.S.C. § 2254(b) and (c). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of April, 2014.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**